# United States Court of Appeals for the Fifth Circuit

———————

No. 25-11368
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Nacorian Lee Taylor,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-167-1

———————————————————

Before King, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Nacorian Lee Taylor was convicted of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and sentenced to 84 months in prison. On appeal, he argues that § 922(g)(1) is unconstitutional on its face and as applied to him under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He also argues that the statute requires more

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

than a firearm's past movement in interstate commerce to satisfy the "in or affecting commerce" element, or otherwise exceeds Congress's authority under the Commerce Clause. Taylor concedes, however, that each of these arguments is foreclosed. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file its brief.

The parties are correct that Taylor's facial challenge to § 922(g)(1) is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). His as-applied challenge is likewise foreclosed. *See United States v. Schnur*, 132 F.4th 863, 871-72 (5th Cir. 2025); *United States v. Bullock*, 123 F.4th 183, 184 (5th Cir. 2024), *cert. denied*, 146 S. Ct. 255 (2025). Finally, his arguments concerning the Commerce Clause and the statute's commerce element are foreclosed as well. *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013); *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.